PEOPLE, PLAINTIFF AND APPELLEE, v. BOCANEGRA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Assault and Battery.

No. 1426.—Decided November 24, 1919.

ASSAULT AND BATTERY—SPEEDY TRIAL.—The period of 120 days referred to in section 448 of the Code of Criminal Procedure should be counted from the date of the filing of the information and not from that of the commission of the crime.

ID.—ID.—CONTINUANCE.—When the defendant moves for dismissal of the prosecution under section 448 of the Code of Criminal Procedure he must allege in the motion that the trial was not continued at his instance.

ID.—AGGRAVATED ASSAULT AND BATTERY—INFORMATION.—In an information charging aggravated assault and battery it is necessary to specify with all clearness some of the aggravating circumstances given in section 6 of the Assault and Battery Act of 1904.

The facts are stated in the opinion.

Messrs. Abraham Peña and José Soto Rivera for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the defendant, E. N. Bocanegra, from a judgment of the District Court of San Juan, Section 2, of January 23, 1919, convicting him of the crime of aggravated assault and battery and sentencing him to a fine of $100 or imprisonment for ninety days.

The information reads as follows:

"The said defendant (Dr. E. N. Bocanegra), on or about the 14th of May, 1918, in San Juan, which forms part of the judicial district of the same name, unlawfully, wilfully and maliciously and with the intention of injuring Enrique Castro, assaulted and battered the said Castro with his fists."

The appellant assigns the following grounds for the appeal:

1st. That the lower court erred in overruling his motion for dismissal on the ground that the defendant was not

brought to trial within the one hundred and twenty days fixed by law; 2nd. That it also erred in qualifying the assault and battery as aggravated when the information did not justify such qualification; 3rd. That it likewise erred in considering the evidence for the prosecution sufficient to support a judgment of conviction.

As to the first error assigned, the statement of the case contains only the following:

"The defendant was arraigned and before pleading to the charge of aggravated assault and battery moved for dismissal of the prosecution because he had not been brought to trial within the 120 days fixed by law, inasmuch as the alleged crime was committed on May 14, 1918, as appears from the information. After hearing the objection of the district attorney the motion was overruled by the court."

The case was brought to trial on January 22, 1919.

Section 448 of the Code of Criminal Procedure provides that the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed if the information was not filed within sixty days after the defendant had been held to answer for the offense, or if a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information. The appellant's motion referred to this second case, and it is to be observed that in making the motion he departed from the terms of the statute, for according to it the period of one hundred and twenty days should not be counted from the date of the commission of the crime, which in this case was the 14th of May, 1918, but from the date of the filing of the information, which was July 10, 1918. But considering the motion on the basis that from the date of filing the information until the day of the trial one hundred and twenty days had elapsed, we have not before us the necessary facts to determine whether the court committed the error assigned, for the motion does not state, nor does the record show, that the trial had not been post-

poned at the instance of the defendant, nor do we know what reasons the district attorney had for opposing the motion or the court for overruling it.

As regards the second error assigned as a ground for the appeal, the appellant is right, and here we shall reproduce what we said in the case of *People* v. *Rivera,* 23 P. R. R. 389: "The law is so clear and the jurisprudence of this court so ample on this point that it is difficult to understand how the officials entrusted with the prosecution of crimes in this Island can fall into error. When a charge of aggravated assault and battery is made, some of the aggravating circumstances enumerated in section 6 of the Act of 1904 defining and punishing aggravated assault and battery (Acts of 1904, p. 48) must be specified clearly." This particularization was not made by the district attorney in this case; therefore it can not be held that any aggravating circumstance attended the assault and battery here charged.

The third error assigned by the appellant is untenable.

We find beyond all reasonable doubt that the defendant assaulted and battered Enrique Castro with the intention of injuring him. If there was conflict between the evidence for the prosecution and that for the defense, it was adjusted by the court against the defendant and there is no sufficient reason for disturbing that finding.

For the reasons stated, and adjusting the judgment to the terms of the information, the judgment must be modified so as to convict the defendant-appellant of the crime of simple assault and battery, sentencing him to a fine of $25 and in default of its payment to one day's imprisonment for each dollar of the fine not paid.

*Modified and affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.